UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ANDREA R. DRAPER** ) | JURY TRIAL DEMANDED |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| **THE ROSE LAW FIRM, PLLC** ) | |
| ) | |
| Serve at: ) | |
| Craig Rose, Registered Agent ) | |
| 921 Main Street ) | |
| Hopkins, Minnesota 55343 ) | |
| ) | |
| **I.C. SYSTEM, INC.** ) | |
| ) | |
| Serve at: ) | |
| CT Corporation System, Registered Agent ) | |
| 120 South Central Avenue ) | |
| Clayton, Missouri 63105 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, Plaintiff, Andrea R. Draper, and for her Complaint states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has original jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because the illicit collection activity was directed at Plaintiff in Washington

1

County, Missouri, within the Eastern District of Missouri.  Further, this Court has original jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331 because those claims arise under federal law.

4.	Venue is appropriate in this Court because all of the torts referenced herein occurred in this District and because Defendants regularly and systematically collects debts owed another in this District.

**PARTIES**

5.	Plaintiff is a natural person currently residing in Washington County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

6.	Specifically, the alleged debt arises from medical services received by Plaintiff.

7.	Defendant The Rose Law Firm, PLLC ("RLF") is a foreign professional limited liability company with its principal place of business in Hopkins, Minnesota.

8.	No RLF attorney is licensed to practice in Missouri and RLF does not practice law in Missouri.

9.	Defendant I.C. System, Inc. ("ICS") is a foreign corporation with its principal place of business in St. Paul, Minnesota.

10.	ICS employed RLF to collect the alleged debt.

11.	ICS compelled RLF to send collection letters to Plaintiff listing ICS as RLF's client.

12.	ICS paid RLF at an hourly rate, a fixed rate, or a percentage of the funds collected from Plaintiff.

13. RLF was ICS's agent in collecting the alleged debt, and ICS is therefore liable for RLF's FDCPA violations described below.

14. Defendants engage in business the principal purpose of which is the collection of debts in Missouri and nationwide, and they regularly attempt to collect debts alleged to be due another.

15. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants are "debt collectors" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

16. Defendants' collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

17. On or about March 13, 2013, RLF sent Plaintiff a collection letter.

18. Plaintiff received the letter within about five days of March 13, 2013.

19. RLF's letter was on law firm letterhead.

20. The letter identified RLF as "Attorneys at Law."

21. The March 13 letter was signed by RLF.

22. The letter identified ICS as RLF's client.

23. ICS had RLF send the letter to "raise the stakes" in ICS's attempt to collect the debt from Plaintiff. ICS sought to create the illusion that attorneys had personally reviewed Plaintiff's account and those attorneys would be pursuing litigation against Plaintiff.

24. RLF's letter, by referring repeatedly to RLF's attorney status and designation, made it appear that an attorney had reviewed the alleged debt and would accordingly be taking legal action to recover the same, including filing a lawsuit against Plaintiff.

25. All of these representations were false and made with the intent to deceive and pressure Plaintiff into paying the alleged debt.

26. RLF failed to make any disclosure in the letter that it was acting as a mere debt collector – not as a law firm.

27. No attorney employed by RLF had reviewed Plaintiff's account in detail before the March 13 letter was sent.

28. RLF employs no attorneys licensed in Missouri and thus could not sue Plaintiff to recover the debt.

29. RLF was not authorized by ICS to sue Plaintiff to recover the alleged debt.

30. RLF used its status as a law firm to deceive and intimidate Plaintiff into paying the alleged debt out of fear that RLF was actively involved in the collection effort and would sue Plaintiff for non-payment.

31. Plaintiff never entered into any agreement whereby she consented to arbitrate disputes with Defendants.

32. Defendants' collection activity has caused Plaintiff to suffer actual damages, including but not limited to stress, anxiety, and worry.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

33. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

34. In their attempts to collect the alleged debt from Plaintiff, Defendants have committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

  a. Attempting to deceive Plaintiff into believing that RLF was pursuing collection of the alleged debt as a law firm, not a mere debt collector, and that she may face a lawsuit if she did not pay.  15 U.S.C. § 1692d-f.

  b. Threatening to take action RLF was not authorized to take and/or had no intention of taking, namely filing a lawsuit against Plaintiff.  15 U.S.C. § 1692e.

  c. Engaging in false, deceptive, harassing, and unfair conduct in the collection of a debt.  15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

  A. Judgment that Defendants' conduct violated the FDCPA;

  B. Actual damages;

  C. Release of the alleged debt;

  D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

  E. For such other relief as the Court may deem just and proper.

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.
_____

**RICHARD A. VOYTAS, #52046**
**Voytas & Company**
**1 North Taylor Ave.**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1068**